UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*   Our File No. NJ019
Mitchell W. Haddad and Marie Haddad

      Plaintiff

   -against-

Atkinson & DeBartolo, a professional corporation, as Court Appointed Special Master, Bunce D. Atkinson, Esq. as Court Appointed Special Master, ERA Advantage Realty, Inc., Century 21 Mack Morris Iris Lurie Realtors, Joseph G. Bove and Tamara D. Bove

      Defendant
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

CIVIL COMPLAINT
Civil Action File #

CV 05 5134

GARAUFIS, J.

LEVY, M.J.

PLAINTIFFS, by their, attorney, LOUIS HADDAD, ESQ., complaining of the defendant(s), respectfully alleges on information and belief:

1.  Jurisdiction is founded upon Section 1332 of Title 28 of the United States Code in that the amount in controversy exceeds the sum or value of $75,000.00 exclusive of interest and costs and is between parties who are of different states.

2.  Plaintiff, Mitchell W. Haddad, is an individual, with a place of residence and domicile in the State of New York, at 4 Dina Court, Staten Island, New York 10306.

3.  Plaintiff, Marie Haddad, is an individual, with a place of residence and domicile in the State of New York, at 4 Dina Court, Staten Island, New York 10306.

4.  Defendant, Atkinson & DeBartolo, is a professional corporation, in the practice of law, State of New Jersey, with a place of business at The Galleria, 2 Bridge Avenue, Bldg. 2, 3rd Floor, Red Bank, New Jersey 07701.

5.  Defendant, Bunce D. Atkinson, Esq., a member of Atkinson & DeBartolo, is an attorney at law, State of New Jersey, with a place of business at The Galleria, 2 Bridge Avenue, Bldg. 2, 3rd Floor, Red Bank, New Jersey 07701, and upon information and belief, a resident of the State of New Jersey.

6.  Defendant, ERA Advantage Realty, Inc., upon information and belief, is a corporation, engaged in the business of real estate, with a place of business at 135 Route 9

South, Marlboro, New Jersey 07701.

7. Defendant, Century 21 Mack Morris Iris Lurie Realtors, upon information and belief, is a corporation, engaged in the business of real estate, with a place of business at 47 Route 9 South, Morganville, New Jersey 07751.

8. Defendant, Joseph G. Bove, upon information and belief, is an individual, a resident of the State of New Jersey, with a place of residence at 52 North Street, Old Bridge, New Jersey 08857.

9. Defendant, Tamara D. Bove, upon information and belief, is an individual, a resident of the State of New Jersey, with a place of residence at 52 North Street, Old Bridge, New Jersey 08857.

## AS AND FOR A FIRST CAUSE OF ACTION

10. That on or about September 8, 2005, defendant, Atkinson & DeBartolo, as a law firm, was appointed Special Master by the Superior Court of New Jersey, Monmouth County, Chancery Division, (hereinafter The Superior Court) for the purpose of effectuating the sale of real property located at 14 Appaloosa Drive, Manalapan, New Jersey 07726 (hereinafter "the property"), through the Multiple Listing Service (hereinafter "the MLS").

11. That on or about September 8, 2005, defendant, Bunce D. Atkinson, Esq., (hereinafter "Atkinson") as an attorney with Atkinson & DeBartolo, was appointed Special Master by the Superior of New Jersey, Monmouth County, Chancery Division, for the purpose of effectuating the sale of the property through the MLS.

12. That shortly after September 8, 2005, defendant, ERA Advantage Realty, Inc., (hereinafter "ERA") was hired by Atkinson to list and market the property through the MLS at $940,000.00.

13. That on September 16, 2005, the property was listed by ERA on the MLS for $940,000.00.

14. That plaintiffs, Mitchell W. Haddad and Marie Haddad, (hereinafter "plaintiffs") submitted two (2) contractual offers for the purchase of the property, dated October 7, 2005 and October 17, 2005 together with a standard deposit and pre-qualification letter (hereinafter "the Haddad offers".

15. Both Haddad offers were submitted to defendant, ERA, and upon information and belief both Haddad offers were submitted to defendants Atkinson & DeBartolo, P.C. and Atkinson by defendant ERA.

16. Notwithstanding the fact that both Haddad offers were properly submitted and in fact superior to any other offer neither was submitted to the Superior Court for approval by defendants Atkinson & DeBartolo, P.C. and Atkinson although they had and have a duty to do so, which is wrongful.

17. Notwithstanding the Haddad offers and the wrongful refusal to submit the Haddad offers to the Superior Court defendants Atkinson & DeBartolo, P.C., Atkinson and ERA continued wrongfully market the property.

18. With knowledge of the prior Haddad offers, and wrongful failure of the defendants, Atkinson & DeBartolo, P.C., Atkinson and ERA to submit the Haddad offers to the Court, defendant, Century 21 Mack Morris Iris Lurie Realtors, (hereinafter "Century 21") wrongfully showed the property to the defendants Joseph G. Bove and Tamara D. Bove and solicited an inferior, improper and wrongful offer (hereinafter "the Bove offer").

19. Defendants Bove were fully aware that the Bove offer was wrongful as it was originally prepared and or dated September 15, 2005, a day before the property was listed on the MLS.

20. As the Bove offer is inferior, improper and wrongful, and as the property is unique, as it is real property, the Bove offer must be declared null and void and the Haddad offer must be declared valid.

## AS AND FOR A SECOND CAUSE OF ACTION

21. Plaintiffs, repeat and re-allege each and every allegation contained in the paragraphs of the complaint labeled and numbered "1" through "19" with the same force and effect as if fully set forth here at.

22. That as a result of the for going intentional and wrongful actions of defendants plaintiff is entitled to punitive damages as well as reasonable attorneys fees, to be set by the court after trial.

WHEREFORE, it is respectfully demanded that Plaintiff be awarded judgment voiding the Bove offer, declaring the Haddad offers valid and viable, judgment in an amount to be set by the Court after trial, but not less than $100,000.00, punitive damages to be set by the Court after trial, reasonable attorneys fees, together with interest from October 7, 2005, costs and disbursements of this action as against all Defendants joint and severally.

Dated: October 27, 2005

                                        LOUIS HADDAD, ESQ.(9460)
                                        Attorney For Plaintiffs
                                        274 Bay Ridge Parkway
                                        Brooklyn, New York 11209
                                        718-238-4086

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
Mitchell W. Haddad and Marie Haddad

            Plaintiff

     -against-

Atkinson & DeBartolo, a professional corporation, as Court Appointed Special Master, Bunce D. Atkinson, Esq. as Court Appointed Special Master, ERA Advantage Realty, Inc., Century 21 Mack Morris Iris Lurie Realtors, Joseph G. Bove and Tamara D. Bove

           Defendant
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Our File No. NJ019
Civil Action File #:

ATTORNEY'S AFFIRMATION

STATE OF NEW YORK
COUNTY OF KINGS        ss:

The undersigned, an attorney admitted to practice in the courts of New York State, shows: that affirmant is an attorney, a member of the firm of record for the plaintiff in the within action; that affirming has read the foregoing complaint and knows the contents thereof; that the same is true of affirmant's own knowledge except as to the matters therein stated to be alleged on information and belief and that as to those matters affirmant believes it to be true.

Affirmant further says that the reason this verification is made by affirmant and not by the plaintiff is because:

_____ said plaintiff is a corporation and affirmant is the attorney thereof and officers of the Corporation or members of the Corporation are not presently available or:

__X__ the plaintiff's place of business or residence is in a different county than that of the attorney for the plaintiff.

The grounds of affirmant's belief as to all matters not stated upon affirmant's knowledge are as follows: records, bills, and statements of plaintiff in affirmant's possession.
The undersigned affirms that the foregoing statements are true, under the penalties of perjury.
Dated: October 27, 2005

                              LOUIS HADDAD, ESQ. (9460)

Case 1:05-cv-05134-NGG-RML   Document 1   Filed 11/02/05   Page 6 of 6 PageID #: 6